IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SUE CRISWELL, GLEN CHILDERS, EVELYN JAMES, CYNTHIA FRANKS, ROCHELLE DURISSEAU, CYNTHIA CRAIN, | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 09-502 |
| v. | § § | JURY DEMANDED BY PLAINTIFF |
| WAL-MART STORES, ET AL., | § § | |
| Defendants. | | |

## NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332

Defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Store No. 449, ("Wal-Mart") files this Notice of Removal of the above-entitled action from the 172nd Judicial District Court of Jefferson County, Texas, because this Court has original jurisdiction of this matter under 28 U.S.C. § 1332 (Diversity Jurisdiction).

### I. BACKGROUND

1. On June 14, 2009, Plaintiffs filed this civil action, Case No. E-183026, in the 172nd Judicial District Court of Jefferson County, Texas.

2. On June 2, 2009, Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Store No. 449 was served with Plaintiffs' Original Complaint.[1] To date, no other named defendant, other than Mike Moore, has been served. Pursuant to Eastern District of Texas Local Rule CV-81, a list of all parties, true and correct copies of all process, pleadings, and orders served upon Wal-Mart, the

---

[1] Plaintiffs have only served Wal-Mart Store No. 449 in Port Arthur, Texas. Wal-Mart Store No. 449, however, is not a proper legal entity standing alone. Wal-Mart Stores Texas, LLC is the entity that operates the store, and thus, Wal-Mart Stores Texas, LLC d/b/a Store No. 449 is the correct entity for purposes of this Notice of Removal.

- 2 -

state court docket sheet, a list of counsel, a record of which parties have requested a trial by jury, and the name and address of the court from which this matter is being removed are attached hereto and incorporated herein by reference as Exhibit 1. No orders have been signed by the state judge presiding over this action.

3. In this lawsuit, Plaintiffs have alleged fraud by misrepresentation, negligent misrepresentation, and negligent supervision.

4. As explained below, Plaintiffs fraudulently joined numerous individual defendants for the purpose of defeating diversity jurisdiction.[2] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Consequently, within 30 days after the service of Plaintiffs' Original Complaint demonstrating fraudulent joinder, *valid* Defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Store No. 449 files this Notice of Removal, on its behalf and on behalf of Wal-Mart Stores, Inc., which has not been served, based upon diversity jurisdiction. 28 U.S.C. § 1332. Individual Defendant Mike Moore consents to removal.

## II. Venue

5. Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, as Plaintiffs originally filed this matter in Jefferson County, Texas. 28 U.S.C. § 1441(a); 28 U.S.C. § 124(c)(2).

## III. Diversity Jurisdiction

6. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between

---

[2] More specifically, Plaintiffs have named the following seven individual defendants: Ron Acosta (Wal-Mart Regional VP), Butch Ohler (Wal-Mart District Manager), Jim Craddock (Wal-Mart Human Resources Director), Johnny Lavalais (Wal-Mart Store No. 449 Manager), Mike Moore (Wal-Mart Divisional Manager), Jason Stewart (Wal-Mart District Loss Prevention Manager), and Clint LeBlanc (Wal-Mart Regional Human Resources Director).

- 3 -

citizens of different states. Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

### A. The Amount in Controversy Exceeds $75,000

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Despite the fact that Plaintiffs plead that "this suit involves only monetary relief totaling $50,000 or less excluding court costs, prejudgment interest, and attorney's fees," the Fifth Circuit has held that if attorney's fees are recoverable under statutory authority, then the attorney's fees must be included in determining the amount in controversy for purposes of diversity jurisdiction. *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *Pl.s' Compl.*, at 1. Therefore, because attorney's fees are available under the Texas Business and Commerce Code with respect to Plaintiffs' fraudulent misrepresentation claim, attorney's fees must be considered in determining whether the $75,000 threshold has been met by Defendants. *Id.*; TEX. BUS. & COMM. CODE § 27.01(e).

8. Moreover, <u>each of the six Plaintiffs</u> seek the following relief for fraud by misrepresentation, negligent misrepresentation, and negligent supervision: (1) actual damages; (2) exemplary damages; (3) prejudgment and postjudgment interest; and (4) attorney's fees and costs. *Pl.s' Compl.*, at 6. Assuming that Plaintiffs are successful on these causes of action, actual damages for Plaintiffs would consist of back pay damages. All six Plaintiffs were terminated on March 3, 2008, and based on their respective rates of pay, it is clear that back pay damages through today's date would easily amount to over $75,000. *Exhibit 2, Declaration of Johnny Lavalais, Store Manager of Store No. 449*.

9. Based on these facts, it is apparent that the damages sought by Plaintiffs meet or exceed $75,000.

## B. Diversity of Citizenship Exists

10. Complete diversity of citizenship between Plaintiffs and Wal-Mart Stores, Inc., and Wal-Mart Stores Texas, LLC exists.[3] Specifically, at the time of filing of Plaintiffs' Original Complaint and at the time of removal, Plaintiffs were all citizens of the state of Texas. *Pl.s' Compl.*, at 1.

11. Further, at the time of filing of Plaintiffs' Original Complaint and at the time of removal, Wal-Mart Stores, Inc., and Wal-Mart Stores Texas, LLC were residents of states other than Texas.

12. Specifically, the method for determining citizenship of a corporation is to look to both the state where it was incorporated, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Wal-Mart Stores, Inc. is a Delaware corporation, and has its principal place of business in Bentonville, Arkansas. *See Exhibit 3, Declaration of Geoff Edwards*, at ¶ 4. Accordingly, Wal-Mart Stores, Inc. is a party diverse from Plaintiffs.

13. The method for determining citizenship of a limited liability company is to examine the states in which each of its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (holding that the citizenship of a partnership for the purposes of diversity is [based on] the citizenship of its partners); *Island Park Estates, LLC v. Brack*, No. C-06-485, 2006 WL 3448624, at *2 (S.D. Tex. Nov. 28, 2006) ("The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members."). If a partnership or a limited liability company has as one of its partners or members a second partnership or limited liability company, it is necessary to "trace[] through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)

---

[3] As will be discussed in more detail below, Wal-Mart Stores, Inc., and Wal-Mart Stores Texas, LLC are the only proper defendants in this lawsuit, and accordingly, the analysis of diversity jurisdiction in this Notice of Removal is based upon the citizenship of these two entities.

("[I]t is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on).") (citation omitted).

14. The sole member of Wal-Mart Stores Texas, L.L.C., the entity responsible for operating Store No. 449, is Wal-Mart Stores East, L.P., which is a Delaware limited partnership. [*Exhibit 3*, at ¶ 5]. The limited partner of Wal-Mart Stores East, L.P. is WSE Investment, L.L.C., a Delaware limited liability company. [*Id.* at ¶ 5]. The general partner of Wal-Mart Stores East, L.P. is WSE Management, L.L.C., a Delaware limited liability company. [*Id.* at ¶ 5]. The sole member of both WSE Investment, L.L.C. and WSE Management, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. [*Id.* at ¶ 5]. The citizenship of Wal-Mart Stores East, Inc. is Arkansas. *See* 28 U.S.C. § 1332(c) (noting that a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business). Tracing through all of the "layers," it is apparent that every member and partner is a resident of a state other than Texas, and as a result, complete diversity of citizenship exists among the Plaintiffs and Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores Texas, LLC d/b/a "Wal-Mart Store No. 449."

## IV.    FRAUDULENT JOINDER

15. In the Fifth Circuit, fraudulent joinder occurs when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The "*mere theoretical possibility* of recovery under local law" will not prevent a federal court from exercising removal jurisdiction on grounds of diversity. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

There must be a reasonable basis for predicting that Plaintiffs might be able to establish Defendants' "liability *on the pleaded claims* in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (emphasis added). Upon a finding of fraudulent joinder, the court must ignore the citizenship of the party that has been improperly joined in the lawsuit. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). More specific to the instant case, fraudulent joinder is established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Fraudulent joinder has occurred in this case because Plaintiffs are unable to establish a cause of action against the seven non-diverse, individual defendants: Ron Acosta, Butch Ohler, Jim Craddock, Johnny Lavalais, Mike Moore, Jason Stewart, and Clint LeBlanc.

16.     To determine whether a plaintiff has a reasonable basis of recovery under state law against the non-diverse defendants, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The crux of Plaintiffs' Complaint is that their employer, Wal-Mart, committed fraud or, alternatively, made negligent misrepresentations to induce Plaintiffs, at-will employees, to participate in a job survey, which gave rise to Plaintiffs' damages (*i.e.*, their termination of employment). Plaintiffs also claim that Wal-Mart negligently supervised its employees, the non-diverse defendants. Nevertheless, Plaintiffs wholly fail to allege facts giving rise to any tortious conduct by the individual defendants. Plaintiffs do not even mention Butch Ohler, Jim Craddock, or Jason Stewart in the facts alleged in Plaintiffs' Complaint. Furthermore,

even though Clint LeBlanc and Johnny Lavalais are referred to as "L1" and "L2" in Plaintiffs' Complaint, neither of them is specifically mentioned in the factual allegations of Plaintiffs' Complaint. *See Pls.' Compl., Compare* ¶¶ 3(f), 3(i) with ¶¶ 6-30. Instead, Plaintiffs refer only to "L," an unspecified, unnamed individual in their factual allegations. *Id.*, at ¶¶ 6-30. Moreover, Plaintiffs' only allegation regarding Mike Moore is that he met with Plaintiffs, after they had been terminated, to tell them that the decision to terminate their employment was final. *See* Pl.s' Complaint, ¶¶ 27-28. Finally, Plaintiffs' sole allegation against Ron Acosta is that they met with him to appeal their terminations, and Acosta advised them, among other things, that he would "see what he could do," and later told them that the decision to terminate their employment was final. To be sure, the non-diverse defendants cannot be individually liable to Plaintiffs unless Plaintiffs plead and prove that these individuals were acting outside the scope of their employment with Wal-Mart when they committed a tortious act against Plaintiffs. Plaintiffs' Complaint is devoid of any allegation indicating that these defendants were acting outside the course and scope of their employment with Wal-Mart. Based on Plaintiffs' allegations, there is simply no reasonable basis for this Court to conclude that Plaintiffs might be able to recover against any of the individual defendants.

17. An analysis of Plaintiffs' claims also demonstrates that these claims are futile against the non-diverse defendants. With respect to Plaintiffs' claim of fraudulent misrepresentation under the Texas Business and Commerce Code § 27.01 (fraud in real estate and stock transactions), such a claim is established if a Plaintiff can show that Defendants made (1) a false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; or (2) a false promise to do an act, when the false

promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract. TEX. BUS. & COMM. CODE § 27.01 (a)(1)-(2).

18. Plaintiffs are unable to state a claim for fraud against the non-diverse defendants because they have failed to plead any facts showing that they entered into a contract as is required under § 27.01, and indeed, Plaintiffs have not alleged the existence of any contract on the face of their Original Complaint. Furthermore, even assuming there was a contract, which there was not, under Texas law, "an agent will not be personally liable on a contract made for his principal if the agent is acting within the scope of his authority." *Hartford Cas. Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681, 687 (Tex. App. -- Corpus Christi 1991, no writ). Although an agent who exceeds his authority may become personally liable, an agent's authority "is presumed to be co-extensive with the business entrusted to his care and includes such contracts and acts as are incident to the management of the particular business with which he is entrusted." *Hartford Cas. Ins. Co.*, 808 S.W.2d at 687; *Augusta Dev. Co. v. Fish Oil Well Servicing Co.*, 761 S.W.2d 538, 543 (Tex. App. Corpus Christi -- 1988, no writ) ("An agent has the implied authority to do all things proper, usual and necessary to accomplish the purpose for which the agency was created."). To this end, nowhere in their Complaint do Plaintiffs allege that any of the individual defendants exceeded their authority in representing Wal-Mart.

19. Moreover, Plaintiffs fail to plead, and in fact, have no evidence of, the requirement that the alleged fraud suffered by Plaintiffs occurred in the context of a real estate or stock transaction. TEX. BUS. & COMM. CODE § 27.01. For these reasons, Plaintiffs cannot establish their claim for fraud under Texas Business & Commerce Code § 27.01(a) against the individual defendants. *Foster v. Bank One Texas, N.A.*, 54 Fed. Appx. 592, *2 (5th Cir. 2002)

(upholding district court's dismissal of plaintiff's fraud claim because individual defendants could not be liable for fraud in their individual capacities).

20. To state a claim for negligent misrepresentation, a plaintiff must prove that (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (citing the Restatement (Second) of Torts (1977)). Plaintiffs' allegations related to their negligent misrepresentation claim only relate to Defendants' future commitments to Plaintiffs – namely, that Plaintiffs would not be disciplined *in the future* for completing the employee opinion surveys. However, a plaintiff cannot base a negligent misrepresentation claim on a promise of future conduct. *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996). Accordingly, Plaintiffs are unable to establish a cause of action for negligent misrepresentation against the seven individual defendants, and fraudulent joinder has been established as to this cause of action as well.

21. Finally, as to negligent supervision, Plaintiffs must be able to establish (1) Defendants owed Plaintiffs a legal duty to supervise competent employees; (2) Defendants breached that duty; and (3) the breach proximately caused Plaintiffs' injuries. *Mackey v. U.P. Enters.*, 935 S.W.2d 446, 459 (Tex. App. -- Tyler 1996, no writ). Here, Plaintiffs wholly fail to allege on the face of their Complaint that Defendants (1) owed Plaintiffs a legal duty to supervise competent employees; (2) Defendants breached that duty; and (3) the breach proximately caused Plaintiffs' injuries. Moreover, even assuming *arguendo* that Defendants owed Plaintiffs a legal

duty, and that the breach of such duty proximately caused Plaintiffs' injuries, Plaintiffs' allegations are severely lacking as to whether Defendants actually breached such a duty. Under Texas law, in order to prove a breach of duty, the Plaintiffs must be able to show that the employer was negligent, and that the employees in question committed an actionable tort. *Gonzalez v. Willis*, 995 S.W.2d 729, 739 (Tex. App. -- San Antonio 1999, no pet.). As discussed above, Plaintiffs' complete failure to establish a cause of action for the torts of fraud by misrepresentation and negligent misrepresentation against the seven individual defendants wholly forecloses Plaintiffs from being able to show that Defendants breached any duty owed to Plaintiffs. Furthermore, Plaintiffs completely fail to plead that any of the individual defendants were the employers of the alleged wrongdoer, and for this reason alone, the Court must make a determination of fraudulent joinder. *Garcia v. Zale Corp.*, 2006 WL 298156, *2 (N.D. Tex. Feb. 1, 2006) (denying plaintiff's motion for leave to amend her complaint because plaintiff sought to sue individual defendants for negligent supervision but failed to plead that any individual defendant was the employer of the alleged wrongdoer) (citing *Sanders v. Casa View Baptist Church*, 898 F.Supp. 1169, 1179 (N.D. Tex. 1995) (finding that "to prevail on a claim for negligent hiring or supervision, a plaintiff must show that the employer retained in its employment an individual who was incompetent or unfit for the job as a result of a failure to make a reasonable inquiry into the individual's competence and qualifications.")).

### V. PROCEDURAL ALLEGATIONS

22. The Eastern District of Texas, Beaumont Division, is the federal district and division that encompasses the 172nd Judicial District Court of Jefferson County, Texas. *See* 28 U.S.C. § 124(c)(2). As Wal-Mart received the Original Complaint on June 2, this Notice of Removal is filed within 30 days of having been served with Plaintiff's Original Complaint or

- 11 -

Citation, and is therefore timely filed under 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and § 1446.

23. Wal-Mart has simultaneously given prompt written notice of the filing of this Notice of Removal to all adverse parties and filed a copy of the Notice of Removal with the 172nd Judicial District Court of Jefferson County, Texas, attached hereto and incorporated herein by reference as Exhibit 4. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Wal-Mart respectfully requests this action be removed from the 172nd Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

Dated this 2nd day of July, 2009.

        Respectfully submitted,

        /s/ Melissa J. Judd
        Melissa J. Judd
        State Bar No. 24032945
        Federal I.D. No. 32408
        1301 McKinney Street, Suite 1900
        Houston, Texas 77010
        713.951.9400 (Telephone)
        713.951.9212 (Facsimile)

        ATTORNEY-IN-CHARGE
        FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2009, a true and correct copy of a NOTICE OF REMOVAL was sent by certified mail return receipt requested and/or electronic means, to the following counsel of record:

Larry Watts
Watts & Associates
P.O. Box 22114
Missouri City, Texas 77459

/s/ Melissa Judd
Melissa Judd