# EXHIBIT 1

## ATTACHMENTS TO NOTICE OF REMOVAL
## (INDEX OF MATTERS BEING FILED)

### Exhibit 1

1-A.   Process, pleadings, and orders served upon Wal-Mart

1-B.   State Court Docket Sheet including all pleadings filed to date

1-C.   List of Parties, Counsel of Record, and Jury Demand

Firmwide:90535125.2 015602.6411

# EXHIBIT 1-A

CITATION

C0183026--00004

# THE STATE OF TEXAS

No. E-0183026

## SUE CRISWELL ET AL
## VS. WAL MART STORES ET AL

### CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: WAL MART STORE NUMBER FOUR FORTY NINE
BY SERVING ITS MANAGER JOHNNY LAVALAIS

by serving at:
4999 TWIN CITY HIGHWAY

PORT ARTHUR, TX    77640

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 14th day of January, 2009. It bears cause number E-0183026 and is styled:

Plaintiff:

SUE CRISWELL ET AL

VS.

WAL MART STORES ET AL

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

WATTS, LAURENCE WADE, atty.
P O BOX 2214
MISSOURI CITY TX   77459 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED ORDER DESIGNATING BEING CASE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 1st day of June, 2009.

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY  *Casi Hernandez*   Deputy
Casi

## RETURN

Came to hand on _____ day of __JUN 0 2 2009__,
at __2:00__ o'clock __P__ M. and executed in __JEFFERSON__
County, Texas, by delivering to each of the within named
__Walmart Store # 449 by serving Manager Johnny Lavalais__
in person a true copy of this citation, with the date of delivery endorsed thereon and the
accompanying copy of __Order__ at the
following times and places, to wit:

| Name | DATE | | | TIME | | | Place, Course and |
| | Month | Day | Year | Hour | Min | M. | Distance from Courthouse |
|---|---|---|---|---|---|---|---|
| Walmart Store #449 | 6 | 2 | 09 | 4 | 00 | P | 4999 Twin City |
| | | | | | | | |
| Dep serving Johnny Lavalais | | | | | | | Port Arthur, TX |
| | | | | | | | |
| | | | | | | | |

Service Fee $ __50.00__

_____, Sheriff/Constable
_____ County, Texas
By: _____, Deputy

| | |
|---|---|
| IN RE ALL CASES FILED<br>IN THE 172ND DISTRICT COURT<br><br>(WITH EXCEPTIONS) AS OF<br>AUGUST 15, 2008 | IN THE 172ND DISTRICT COURT OF<br><br>JEFFERSON COUNTY, TEXAS<br><br>172ND JUDICIAL DISTRICT |

<u>ORDER DESIGNATING **ALL** CASES E-FILE</u>
<u>**AND**</u>
<u>SETTING FORTH CERTAIN REQUIREMENTS
IN E-FILE CASES</u>

IT IS HEREBY ORDERED that, henceforth, all cases filed in the 172nd District Court of Jefferson County, Texas, shall be, and they are designated E-file cases in accordance with Local Rule 7, EXCEPT that tax cases, cases filed by pro se parties, and seizure and forfeiture cases, shall not be so designated, subject to further orders of this court.

IT IS FURTHER ORDERED that the District Clerk shall not receive any pleadings whatsoever in E-file cases in paper form, save and except for the original petition and return citations, and the District Clerk shall not electronically scan paper pleadings to E-file. If the District Clerk receives a paper pleading in an E-file case, the Clerk is ORDERED to return that pleading to the purported filer with a notification that the case is E-file and that no paper pleadings can be received, file-stamped, nor scanned. The attached *Efile Administrative Procedures* shall apply for electronic filing or efiling.

IT IS FURTHER ORDERED that the District Clerk shall send the notice appended hereto to all new parties to a lawsuit, whether original defendants, cross defendants, or otherwise, advising of this order and of the requirements of Local Rule 7.

IT IS FURTHER ORDERED that the District Clerk must be furnished with an electronic disk of all parties in cases involving 10 plaintiffs or defendants or a combination of both, including the addresses of those receiving service, in a format prescribed by the District Clerk.

IT IS FURTHER ORDERED that each pleading in cases designated as E-file shall be fully and properly labeled, and a pleading shall deal with only one subject matter. Thus, for example, a Motion To Transfer Venue may not be combined with an Answer, but they shall be two separate pleadings, each labeled accordingly and filed separately. In similar fashion, all matters shall be separately pleaded, labeled, and filed, and there shall be no "gang filing". The purpose of this requirement is so that separate matters may be readily indexed and located in the electronic file.

SIGNED AND ENTERED THIS 14TH DAY OF JULY, 2008.

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

JUN 01 2009

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY_____DEPUTY

*Donald J. Floyd* (signature)

_____
DONALD J. FLOYD, JUDGE
172ND DISTRICT COURT

# EFILE ADMINISTRATIVE PROCEDURES OF THE 172ND DISTRICT COURT JEFFERSON COUNTY, TEXAS

1. **Documents that must be electronically filed; Exceptions**

   Each document that must be filed under the Rules shall be eFiled unless otherwise ordered by the Court. Except that paper copies of any Original Petition shall be filed to facilitate service of process as required by the Rules and by statute. Paper courtesy copies of pleadings seeking judicial action shall only be filed at the discretionary request of the assigned judge. The cover page must indicate "COPY" and include the assigned Transaction ID number. An additional exception to the requirement of e-filing shall apply to return citations, survey maps, building plats, and similar descriptive exhibits. Such documents shall be submitted to the District Clerk, but the submitting party shall also e-file notice to all parties of the submission.

2. **Form of Documents Electronically filed**

   (a) *Format.* Each electronically filed document shall be filed in Word, WordPerfect, TIFF or .PDF format, *except that each electronically filed brief and proposed order shall be filed in editable Word or WordPerfect format.* To the extent practicable *each document* shall be formatted in accordance with the applicable rules governing formatting of paper documents, and in such other and further format as the District Clerk or Judge may require from time to time. A document may exceed page limitation rules to a maximum of two (2) additional pages when the additional pages are attributed to the electronic conversion or filing process.

   (1) eFile will automatically convert any Word, WordPerfect or TIFF file to .PDF format, but the original format will also be available for downloading.

   (2) The official record of the court is the .PDF version.

   (b) *Title of Documents.* The title of each electronically filed document shall include:

   (1) Party or parties filing the document,

   (2) Descriptive title of the document,

   (3) Party or parties against whom relief, if any, is sought, and

   (4) Nature of the relief sought (e.g., Defendant ABC Corporation's Motion for Summary Judgment against Plaintiff Jones).

   (c) *Signature.*

   Each electronically filed document shall be deemed to have been signed by the attorney authorizing such filing, and shall bear a facsimile or typographical signature of such person, e.g., "/s/ Adam Attorney." Each document eFiled by or

on behalf of a party shall also include the typed name, address, and telephone number of the attorney filing such document. Attorneys shall include their Texas bar number.

Each electronically filed declaration and affidavit shall be deemed to have been signed by the declarant or affiant if an attorney or party not represented by an attorney has authorized such filing. The original affidavit or declaration filed or served electronically, shall be maintained by the party filing the affidavit during the pendency of the litigation, and shall be made available, upon reasonable notice, for inspection by other counsel, the District Clerk or the Court.

(d) *Discovery* - in E-file cases, only the <u>certificates</u> of serving discovery requests and responses shall be E-filed; neither the requests nor responses shall be eFiled nor need be efiled. (See Local Rule pertaining to *Filing of Discovery and Related Materials in Civil Cases in Jefferson County, Texas.*)

3. **Time of eFiling and Service**

(a) Any document filed electronically by 11:59 pm ET shall be considered eFiled with the District Clerk once the transmission is successfully completed ("authorized date and time") as recorded on the LexisNexis File & Serve system.

(b) An eFiled document is deemed served only upon selection of parties to be served and submission according to the File & Serve procedures. The electronic service of a pleading or other document in the eFiling system is considered valid and effective service on all parties and shall have the same legal effect as conventional service of an original paper or document. The filing party is not required to conventionally serve a paper copy of the electronically filed document on parties not subscribing to the eFiling system. LexisNexis shall serve subscribing parties electronically and non-subscribing parties via facsimile or US Mail. The associated filing receipt will list the parties selected for service and give proof of date, time and method of service.

4. **Public Access to the Docket**

The District Clerk shall make a Public Access Terminal available to interested parties to allow access to the Court's electronic case record in all eFiled cases. Copies made from the Court's electronic case records shall be printed by the District Clerk's office and copying fees will be charged in accordance with District Clerk's copying fees.

5. **Obligation of Registered eFile Users to Maintain Proper Delivery Information.**

Parties or attorneys who register to use the File & Serve system shall notify LexisNexis File & Serve within 10 days of any change in firm name, delivery address, fax number or e-mail address.

Jane Birge
Chief Deputy



Family Law Division
409-835-8653

Child Support
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

## LOLITA RAMOS
### District Clerk
1001 Pearl Street • Beaumont, TX 77701 • 409-835-8580 • Fax 409-835-8527

## Instructions for Opening an Account with Lexis Nexis Efiling System

The following is information to assist an Attorney in opening an account with Lexis Nexis File and Service:

The Customer Support Contact Number is:
**1-888-529-7587**

The Website Address is:
**http://www.lexisnexis.com/fileandserve**

Directions for On-Line Registration:

1. Look under Law Firms and click on Efiling and Service Solutions for Law Firms.
2. On next page, click on link: Lexis Nexis File and Service Court Based Efiling and Service.
3. On next page, click on link: Register Now
4. On next page, clink on link: Register

Jefferson County District Court
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 23450315
Date: Jan 14 2009 11:51AM
Lolita Ramos, District Clerk

CIVIL ACTION NO. E183026

| | | |
|---|---|---|
| SUE CRISWELL, GLEN CHILDERS, EVELYN JAMES, CYNTHIS FRANKS, ROCHELLE DURISSEAU, CYNTHIA CRAIN.<br>*Plaintiffs* | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| WAL-MART STORES ET AL.,<br>*Defendants* | § § | _____ JUDICIAL DISTRICT |
| | § | TRIAL BY JURY DEMANDED |

PLAINTIFF'S ORIGINAL PETITION REQUEST
FOR EQUITABLE RELIEF & REQUEST FOR DISCLOSURE

A. Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 because this suit involves only monetary relief totaling $50,000 or less, excluding court costs, prejudgment interest, and attorney fees.

B. Parties

2. PLAINTIFFS:

   a. Sue Criswell, a resident of Hardin County, Texas;

   b. Glen Childers, a resident of Orange County, Texas;

   c. Evelyn James, a resident of Jefferson County, Texas;

   d. Cynthia Franks, a resident of Jefferson County, Texas;

   e. Rochelle Durisseau, a resident of Jefferson County, Texas; and

   f. Cynthia Crain, a resident of Jefferson County, Texas.

3. DEFENDANTS.

a. Wal-Mart Stores, Inc.("WM"), 702 SW 8th Street, Bentonville, Arkansas 72716-8611, 479-273-4000;

b. Wal-Mart Store No. 449 ("WM 449"), may be served by serving its Manager, Johnny Lavalais at 4999 Twin City Highway, Port Arthur, Texas, 77640;

c. Ron Acosta ("A"), WM's Regional Vice President, who may served with citation herein by serving him at his place of business, 1062 Eldorado Blvd., Friendswood, Texas, 77546 ;

d. Butch Ohler("O"), WM's District Manager, who may be served at his place of business, 100 N. LHS Drive, Lumberton, TX 77657;

e. Jim Craddock ("C"), WM's District "Human Resources" Director, who may be served at his place of business, 100 N. LHS Drive, Lumberton, TX 77657;;

f. Johnny Lavalais ("L2"), WM 449's store manager may be served at his place of business, WM 449, at 4999 Twin City Highway, Port Arthur, Texas, 77640;

g. Mike Moore("M"), WM's Divisional Manager, who may be served at his place of business, _____ ;

h. Jason Stewart ("S"), WM's District Loss Protection Manager, who may be served at his place of business, 100 N. LHS Drive, Lumberton, TX 77657; and

i. Clint LeBlanc ("L1"), WM's Regional Human Resources Director, may be served at his place of business, 1062 Eldorado Blvd., Friendswood, Texas, 77546 .

### C. Jurisdiction

4. The amount in controversy exceed the jurisdictional amount of this Court.

### D. Venue

5. Venue is appropriate in Jefferson County, Texas because the events made ths subject hereof occurred herein and WM has a principal place of business in Jefferson County.

2

### E. Facts

6. Plaintiffs were each long-term and loyal employees of WM; as examples of their loyalty, when Port Arthur was devastated by Hurricane Rita, and the area was closed to traffic and resident returns, Plaintiffs were told to return and get the WM 449 in shape and they did, even though only "first responders" and emergency personnel were permitted by the authorities.

7. Annually, WM administers employee "surveys", entitled "Associate Personal Opinion Survey" ("survey") to the store's employees.

8. The "surveys" are supposedly anonymous.

9. Store managers as L. want the "surveys" to reflect 100% of the store's employees, and well on the store's management, and the corporation.

10. Store managers as L. have historically encouraged their employees to take the "survey" as many times as they want, to make sure that it appears that at least 100% of the store's employees have participated in the "survey".

11. Defendants or various of them, with approval of WM's corporate management, have historically assured and represented to Plaintiffs that the employees could vote in the anonymous "survey" as many times as they wish and express any view on the matters made the subject of the inquiries without fear of retribution or discipline.

12. In order to administer the "survey" in January 2008, WM 449 set aside the training room at the store, and equipped it with 6 computer terminals for the employees' use when taking the "survey".

13. Shortly after the "survey", the store's management met with the employees including Plaintiffs, and announced that WM 449 did not compare well with ot5her WM stores, scoring 30 out of 100.

14. On or about the end of February, 2008, Plaintiffs were escorted off the floor to WM 449's management offices and questioned about the "survey".

15. The questioning was administered by various WM Loss Prevention and Human Resources personnel.

16. Plaintiffs were told they were not in trouble, and asked if they had taken the "survey" more than once. Plaintiffs were also told that because the scores were so low the management was exploring the possibility of resending the survey to WM 449.

17. Management asked Plaintiffs if they knew the results of the "survey", and if they harbored any grudges against WM, WM 449, or L.

3

18. The questions to the employees were interspersed with managerial reassurances that the Plaintiffs were not in trouble, so "..tell us what happened..."

19. Managerial inquisitors asked Plaintiffs as well as others who had been in the training room when the person being interrogated was taking th "opinion" survey. Some of the Plaintiffs were asked if they had any complaints and responded that they weren't pleased that their wages had been ccapped.

20. After the questioning, L. and Wm 449'S management chilled toward the Plaintiffs and shunned them.

21. On March 3, 2008, each Plaintiff was was escorted into L.'s office and was told by L that they were being fired for gross misconduct and integrity issues, and taking the "survey" more than once.

22. Some of the Plaintiff's refused to sign the exit documents and asked if they could make a phone call: L turned his back on them and said that they could do as they wished. The Plaintiffs were then escorted out of L's office to their areas and under the watchful gaze of a manager, allowed to gather their private property. They were then escorted out of the store into the parking lot and observed by WM 449 staff.

23. The Plaintiffs or various of them then went to Orange, TX in order to meet with A while he was touring the Orange WM store. In their interviews with A, the Plaintiffs who met with him asked why they were being terminated fror taking the "survey" more than once when they had been previously encouraged to do so and the only disclaimer when taking the opinion poll was to believe that that the responses would be strictly confidential, without any statement that the "survey" could only be taken once.

24. In meeting with A, the Plaintiffs who were present told him that they had been subjected to pressure over the years and in 2008 to make sure that at least 100% of the employees expressed their opinions in the "survey", and that other stores had also had employees vote multiply on the "survey" to present the image of "100% participation" and make their respective stores to appear equally enthusiastic and supportive of the store's management. Regional Vice President A confirmed that there was no policy prohibiting the survey from being taken more than once, but that despite what they had been told about getting 100% they should have known not to take the survey more than once. A said that he was sorry that the Plaintiffs had gotten placed in the position of being terminated and that he would check into the matter and see what he could do. The Plaintiffs told Regional Vice President A that they had again been assured that were they to disclose their specific participation in the "anaonymous" "survey", there would be no trouble and that when they had so disclosed, they had been fired. He again apologized and said that he would look into it with WM management.

25. A told the Plaintiffs that it wouldn't do any good to talk to a lawyer that WM was very strong in the courts and that WM had already checked with its legal team, and it didn't look good for the Plaintiffs.

4

26. On Tuesday, March 4, 2008, A called the Plaintiffs and said that the terminations would stand.

27. Some Plaintiff(s) called the WM Divisional Manager, M, at the "home office" on Thursday, March 6, 2008 and asked if the terminations could be appealed; M's response was that the Plaintiffs had falsified company documents and that was gross misconduct.

28. In at least one situation M called a Plaintiff on March 7, 2008 and said that the answer wasn't good.

29. Plaintiffs have been required to either disclose that they were each fired for "gross misconduct" if asked by a prospective employer as to why WM terminate them—or lie—or remain silent.

30. Plaintiffs have suffered general and special damages, proximately caused by Defendants, acting in concert.

### F. Count 1 – Fraud by Misrepresentation

31. Plaintiffs were induced to participate and then disclose their participation in the "survey" by the false representations by Defendants, without which Plaintiffs would not have participated or disclose their participation in the survey, as they did, to their detriment.

32. Plaintiffs became parties to a transaction involving the expression by Plaintiffs in an opinion survey about the quality of WM, WM 449 and WM management, and which they were told would remain in the strictest confidence.

33. Defendants made the false representations for the purpose of inducing Plaintiffs to enter into the transaction.

34. **Exemplary damages.** Defendants violated Texas Business & Commerce Code section 27.01, with actual awareness of the falsity of defendant's representation or promise, which entitles Plaintiffs to exemplary damages under section 27.01(c).

35. **Attorney fees & other costs.** Plaintiffs are entitled to recover reasonable and necessary attorney fees, expert-witness fees, court costs, and costs for copies of depositions under Texas Business & Commerce Code section 27.01(e).

### G. Count 2 – Negligent Misrepresentation

36. In the alternative to other counts, Defendants committed negligent misrepresentation.

5

### H. Count J - Negligent Supervision

37. In addition to other counts, Defendants negligently failed to supervise the representations and assurances of L, A, S, C, O and M designed to obtain the participation and or disclosure of Plaintiffs in the "survey".

### I. Jury Demand

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### K. Request for Disclosure

39. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2. (See O'Connor's Texas Rules, "Content of request," ch. 6-D, §3.2, p. 413.)

### L. Prayer

41. For these reasons, plaintiff asks that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

   a. Actual damages;

   b. Exemplary damages;

   c. Prejudgment and postjudgment interest.

   d. Attorney's fees, costs and court costs.

   e. All other relief to which plaintiff is entitled.

Respectfully submitted,
WATTS & ASSOCIATES

Larry Watts
SBN 20981000
P.O. Box 22114
Missouri City, Texas 77459
Phone (281) 431-1500
Fax (281) 431-1298
WATTSTRIAL@GMAIL.COM

6