| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

SUE CRISWELL, GLEN CHILDERS, §
EVELYN JAMES, CYNTHIA FRANKS, §
ROCHELLE DURISSEAU, and §
CYNTHIA CRAIN, §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiffs, §
　　　　　　　　　　　　　　　　§
*versus* 　　　　　　　　　　　§　　CIVIL ACTION NO. 1:09-CV-502
　　　　　　　　　　　　　　　　§
WAL-MART STORES, INC. and §
WAL-MART STORE NO. 449, §
　　　　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Sue Criswell, Glen Childers, Evelyn James, Cynthia Franks, Rochelle Durisseau, and Cynthia Crain's (collectively, "Plaintiffs") Opposed Motion for Leave to Amend Complaint (#28). Plaintiffs' proposed First Amended Complaint names as defendants Wal-Mart Stores, Inc. ("Wal-Mart Stores"), Wal-Mart Store No. 449 ("Store 449") (collectively, "Wal-Mart"), Ron Acosta ("Acosta"), Butch Ohler ("Ohler"), Jim Craddock ("Craddock"), Johnny Lavalais ("Lavalais"), and Jason Stewart ("Stewart") (collectively, the "Individual Defendants"). Lavalais, like Plaintiffs, is a citizen of the State of Texas.[1] Therefore, his presence in this lawsuit would destroy diversity jurisdiction and require remand of this case to the state court in which it was filed originally. Wal-Mart filed a response in opposition, arguing that Plaintiffs' motion for leave to amend is an improper attempt to destroy diversity jurisdiction.

---

[1] It is undisputed that the other Individual Defendants are also citizens of Texas. For the sake of simplicity, however, the court will confine this analysis as it pertains to Lavalais.

Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Plaintiffs' motion for leave should be granted.

I.  Background

On January 14, 2009, Plaintiffs filed the instant lawsuit in the 172nd Judicial District Court of Jefferson County, Texas, asserting claims for statutory fraud under Section 27.01 of the Texas Business and Commerce Code,[2] negligent misrepresentation, and negligent supervision in violation of Texas common law. Plaintiffs are all former employees of Wal-Mart and, at the time of the incident, were all employed at Store 449 in Port Arthur, Texas. Plaintiffs allege that, in January 2008, while they were employed at Store 449, Lavalais, the store manager, encouraged them to participate in a voluntary, anonymous "Associate Personnel Opinion Survey." Specifically, Plaintiffs contend that they were encouraged to take the survey more than once to achieve the appearance of one-hundred percent (100%) participation by Store 449 employees. Plaintiffs maintain that Lavalais assured Plaintiffs that they could express their views honestly and disclose their participation without fear of discipline or termination of employment. Despite these allegedly unequivocal assurances by Lavalais, Plaintiffs contend that they were all terminated by Lavalais for "gross misconduct" and integrity issues as well as for taking the survey more than once.

On July 2, 2009, Wal-Mart removed the case to this court on the basis of diversity jurisdiction, alleging that all of the non-diverse Individual Defendants were improperly joined. Thereafter, Plaintiffs filed a motion to remand, which the court denied on the basis that Plaintiffs failed to plead a viable cause of action against any of the Individual Defendants. The court subsequently dismissed the Individual Defendants, including Lavalais, as parties to this case.

---

[2] TEX. BUS. & COM. CODE ANN. § 27.01, entitled "Fraud in Real Estate and Stock Transactions."

2

In the instant motion for leave to file an amended complaint, Plaintiffs seek to join Lavalis and the other Individual Defendants as defendants in this action. In support of their motion, Plaintiffs have filed their proposed First Amended Complaint (#27), which details Lavalais's alleged substantial role in causing Plaintiffs' terminations and advances new theories of recovery: common law fraud, fraudulent inducement, promissory estoppel, and defamation.

II. Analysis

    A. Joinder of Nondiverse Defendant After Removal

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *accord Powerex v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232-33 (2007); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 488 (5th Cir. 2001); *Perry v. Hartford Ins. Co.*, 196 F. Supp. 2d 447, 449 (E.D. Tex. 2002). When faced with an amended pleading naming a nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *accord Akbani v. TRC Eng'rs, Inc.*, No. 3:09-CV-1154-M, 2009 WL 2614473, at *1 (N.D. Tex. Aug. 25, 2009); *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 516 (W.D. La. 2001); *Ehrhardt v. Electrical & Instrumentation Unlimited*, 137 F. Supp. 2d 765, 766 (E.D. Tex. 2001). "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182; *accord Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 n.11 (5th Cir.), *cert. denied*, 502 U.S. 859 (1991).

The United States Court of Appeals for the Fifth Circuit has indicated that a district court should evaluate the following factors when determining whether to permit joinder of a nondiverse defendant in a removed case: (1) whether the primary purpose of the amendment is to defeat diversity jurisdiction; (2) whether the plaintiff was diligent in requesting amendment; (3) whether the plaintiff will be prejudiced if amendment is denied; (4) and "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *accord Medellin v. General Motors Corp.*, Civ. A. No. H-07-3149, 2007 WL 4570063, at *1 (S.D. Tex. Dec. 26, 2007); *Perry*, 196 F. Supp. 2d at 449. Although *Hensgens* was decided prior to the enactment of § 1447(e), the Fifth Circuit has cited the case with approval after § 1447 was revised, and district courts within this circuit continue to apply the *Hensgens* factors. *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman*, 929 F.2d at 1029; *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 668-69 (E.D. La. 2007); *Perry*, 196 F. Supp. 2d at 449.

1. Application of the *Hensgens* Factors

    a. Whether the Primary Purpose of the Amendment is to Defeat Diversity Jurisdiction

While an improper joinder analysis is inapplicable post-removal, a "request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction" should not be granted. *Cobb*, 186 F.3d at 678; *see McDonald v. Union Nat'l Life Ins. Co.*, 307 F. Supp. 2d 831, 834 (S.D. Miss. 2004). Moreover, where the plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, an attempt to join the defendant after removal is viewed with "much suspicion" and suggests an effort to frustrate diversity jurisdiction. *O'Connor v. Automobile Ins.*

*Co. of Hartford*, 846 F. Supp. 39, 41 (E.D. Tex. 1994); *see Walicek v. Mutual Protective Ins. Co.*, No. 4:07-CV-03750, 2009 WL 562603, at *2 (S.D. Tex. Mar. 4, 2009); *Dal-Tile Corp. v. Zurich Am. Ins. Co.*, No. 3:02-CV-751-H, 2002 WL 1878377, at *2 (N.D. Tex. Aug. 13, 2002); *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). In addition, the plaintiff's seeking to add a nondiverse defendant shortly after removal but prior to any additional discovery, is further indication that the amendment is sought for the purpose of defeating diversity. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). Other courts, however, reason that an amendment sought shortly after removal is not indicative of a plaintiff's intent to defeat diversity where "it is clear that Plaintiffs sought to include [that defendant] in [the] litigation from the beginning." *Watson v. Law Enforcement Alliance of Am., Inc.*, 451 F. Supp. 2d 870, 873 (W.D. Tex. 2006) (remanding case after permitting joinder of previously dismissed nondiverse defendant); *Herring v. Beasley*, No. 05-215-WS-B, 2005 WL 1475304, at *4 (S.D. Ala. June 21, 2005) (remanding case after allowing post-removal joinder of non-diverse defendant reasoning, in part, that defendant's inclusion in the state-court complaint militates against a finding of bad faith); *Thornton v. New York Life Ins. Co.*, 211 F.R.D. 606, 610 (N.D. Cal. 2002) (finding that plaintiff did not seek amendment in bad faith where plaintiff "endeavored throughout the case to make [defendant] a party").

Additionally, in cases where the plaintiff has a cognizable cause of action against the nondiverse defendant, courts have often found that the primary purpose of the amendment was not to defeat federal jurisdiction. *See, e.g.*, *Tillman*, 929 F.2d at 1029; *Medellin*, 2007 WL 4570063, at *1; *Holstine v. DaimlerChrysler Corp.*, No. L-06-53, 2007 WL 4611914, *2 (S.D. Tex. Dec. 12, 2007); *Watson*, 451 F. Supp. 2d at 873; *Herring*, 2005 WL 1475304, at *4; *Thornton*, 211

F.R.D. at 610; *Kelly v. Boeing Petroleum Servs., Inc.*, No. 93-0422, 1993 WL 268428, at *2 (E.D. La. July 14, 1993).

In the case at bar, Plaintiffs sought to include Lavalais in this litigation from the outset. At the time of removal, Lavalais was a named defendant in this action, and Lavalais was dismissed only because Plaintiffs failed to advance a viable theory of recovery against him. It appears that Plaintiffs mistakenly sought to hold Lavalais accountable for Fraud in Real Estate and Stock Transactions, a theory of recovery which is wholly inapposite to the instant dispute, but which contains nearly the identical elements as common law fraud, the cause of action now alleged. *See Trinity Indus., Inc. v. Ashland, Inc.*, 53 S.W.3d 852, 867 (Tex. App.—Austin 2001, pet. denied); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied); *see also Keathley v. Baker*, No. 12-07-00477, 2009 WL 1871706, at *11 (Tex. App.—Tyler June 30, 2009, no pet.). A reasonable reading of both the state-court petition and the proposed First Amended Complaint suggest that Plaintiffs have always intended to proceed against Lavalais individually for his allegedly false representations regarding the opinion survey at issue. Indeed, it is likely that had Plaintiffs' state-court petition alleged Texas common law fraud rather than statutory fraud in the context of a real estate or stock transaction, Lavalais would not have been dismissed as improperly joined. Plaintiffs' proposed Amended Complaint, however, cures this deficiency by asserting a cognizable claim against Lavalais (*i.e.*, common law fraud).

Generally, "an at-will employee is barred from bringing a cause of action for fraud against his *employer* based upon the employer's decision to discharge the employee." *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 961 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) (emphasis added); *see Hanold, IV v. Raytheon Co.*, No. H-03-734, 2009 WL 3247438, at *10 (S.D. Tex.

Sept. 30, 2009); *Halper v. University of the Incarnate Word*, 90 S.W.3d 842, 847 (Tex. App.—San Antonio 2002, no pet.). Courts have recognized, however, a cause of action for common law fraud against an employee's supervisor or manager. *See*, *e.g.*, *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, at *5-6 (S.D. Tex. Nov. 3, 2009) (stating that an "employee who commits an intentional tort may be held individually liable for her actions"); *Hernandez v. Wal-Mart Assocs., Inc.*, No. EP-06-CA-233-FM, 2006 WL 2883080, at *5 (W.D. Tex. Sept. 19, 2006) (recognizing a cause of action for fraud against an individual employee, but holding that plaintiff failed to allege the requisite elements); *Kaddouri v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 3:04-CV-1456-B, 2005 WL 283582, at *3 (N.D. Tex. Feb. 4, 2005) (considering fraud claim against supervisor, though dismissing claim because allegedly fraudulent statements were mere opinions); *Schauer v. Cargill, Inc.*, No. CIV. A-SA-02-CA-08270-GNN, 2003 WL 21372163, at *7-8 (W.D. Tex. June 12, 2003) (finding that individual employees may be held personally liable for their fraudulent statements); *Moreno v. Irons*, No. 05-99-01296-CV, 2000 WL 463728, at *2-3 (Tex. App.—Dallas Apr. 25, 2000, no pet.) (suggesting that suit against supervisor for fraud which resulted in employee's termination is cognizable cause of action, although the claim was ultimately dismissed on other grounds). Indeed, "the longstanding rule in Texas is that '[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.'" *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied) (quoting *Kingston v. Helm*, 82 S.W.3d 755, 758 (Tex. App.—Corpus Christi 2002, pet. denied); *see Haskins v. WM Specialty Mortgage, L.L.C.*, No. SA-05-CA-1241, 2006 WL 1793283, at *4 (W.D. Tex. June 26, 2006) ("[A] corporate agent who knowingly participates in a tortious or fraudulent act may be held individually liable . . . .");

7

*Gipson*, 2008 WL 4844206, at *5-6; *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). This is true "'even when [the fraudulent statements] are made in the capacity of a representative of the corporation.'" *Gore*, 136 S.W.3d at 32 (quoting *Kingston*, 82 S.W.3d at 758).

Here, Plaintiffs' forty-eight page proposed First Amended Complaint is replete with detailed allegations regarding Lavalais's substantial role in this dispute. Specifically, Plaintiffs allege that Lavalais orally represented to them that Wal-Mart "did not by policy or practice prohibit or disapprove of Associates . . . expressing their personal opinions about policies and/or management on more than one [survey] or the store being '100% Plus.'" Rather, Plaintiffs maintain that "Store Managers had historically encouraged associates to take the survey as many times as they wished" and that such participation was both voluntary and anonymous. When negative survey results regarding Store 449 prompted Wal-Mart and Lavalais to investigate the matter further, Plaintiffs contend that Lavalais unequivocally assured them that they were "not and would not be in trouble or subject to being terminated for having taken the [survey] multiple times." Plaintiffs further assert that they relied on Lavalais's knowing and false representations that their jobs were not in jeopardy by "surrender[ing] their privacy and anonymity" and disclosing their repeated participation in the survey. Thus, in light of Lavalais's alleged direct and substantial role in this dispute, this is "not a case in which [Lavalais] was omitted from the original [petition] but added later in a hasty, last-ditch attempt to subvert federal jurisdiction." *Herring*, 2005 WL 1475304, at *4. Nor is this a situation in which Lavalais's alleged connection to the dispute is strained or tenuous. *Id.* Rather, Plaintiffs maintain that Lavalais played the primary role in their ultimate terminations. Under these circumstances, the court perceives no

basis upon which to conclude that Plaintiffs' proposed amendment is sought to defeat diversity jurisdiction.

b.  Whether Plaintiff was Diligent in Requesting Amendment

As to the second factor of the *Hensgens* analysis, Plaintiffs promptly sought to amend their complaint. Specifically, Plaintiffs first moved to amend on August 2, 2009, at which time this case was in the initial pleading stage.[3] *See*, *e.g.*, *Herzog v. Johns Manville Prods. Corp.*, No. Civ. A. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (stating that courts generally find that a plaintiff is not dilatory in seeking to amend a complaint "when no trial or pre-trial dates are scheduled and no significant activity beyond the pleading stage has occurred"); *see also Smith v. Robin Am., Inc.*, No. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009); *Jones v. Rent-A-Center E., Inc.*, 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed well within the time allowed by the scheduling order). When Plaintiffs initially sought to amend, a scheduling order had not been entered in this case. Currently, this action has scarcely proceeded past the pleading stage, and discovery between the parties has not yet commenced.

c.  Whether Plaintiff will be Prejudiced if Amendment is Denied

Several district courts have concluded that the potential for parallel proceedings weighs in favor of granting leave to amend. *See*, *e.g.*, *Watson*, 451 F. Supp. 2d at 873 (finding prejudice where the plaintiffs would be "forced to litigate two separate suits, one in state court and one in federal court, based on the same set of facts in order to pursue their claims against all the parties

---

[3] Because both parties analyzed the propriety of Plaintiffs' motion to amend under incorrect legal principles (namely, Federal Rule of Civil Procedure 15(a)), the court directed Plaintiffs to file the instant motion for leave to amend, such that Defendants would have the opportunity to respond under the proper analytical standard, 28 U.S.C. § 1447(e) and the factors articulated in *Hensgens*.

involved"); *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *5 (E.D. La. May 12, 2005); *Holcomb v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *3 (N.D. Tex. Nov. 20, 2001) (stating that "[t]he main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings"). Because Plaintiffs' entire lawsuit centers around the allegedly fraudulent misrepresentations of Lavalais, the potential for a parallel proceeding against Lavalais in state court is particularly high. Accordingly, the denial of leave to amend will result in financial prejudice to Plaintiffs, waste of judicial resources, and potentially duplicative or inconsistent results. Such circumstances weigh heavily in favor of granting leave to amend.

###### d. Other Factors Bearing on the Equities

With respect to the final factor of the *Hensgens* analysis, the existence of parallel state and federal lawsuits would waste judicial resources and could potentially produce inconsistent results. Concerns regarding judicial economy and consistency of results dictate against trying two separate cases involving the same factual and legal issues in two different courts. "Allowing a single fact finder to determine Plaintiffs' common claims against [Lavalais] and [Wal-Mart] is not only more efficient but also in the interest of justice." *Watson*, 451 F. Supp. 2d at 874. Moreover, "[t]he burden of requiring common claims based upon the same factual allegations to be tried separately in both state and federal court far outweighs [Wal-Mart's] strong interest in its choice of a federal forum." *Id*.

### III. Conclusion

An evaluation of the relevant facts and controlling law supports the conclusion that Plaintiffs be permitted to amend their complaint. Under the particular circumstances of this case,

each of the *Hensgens* factors weighs in favor of granting Plaintiffs' motion for leave to amend. Thus, Plaintiffs' Opposed Motion for Leave to Amend Complaint (#28) is GRANTED. With the addition of Lavalais as a defendant in this case, however, diversity jurisdiction is destroyed. Accordingly, this case must be remanded pursuant to 28 U.S.C. § 1447(e). All other outstanding motions are DENIED as moot. An order remanding this action to the 172nd Judicial District Court of Jefferson County, Texas, will be entered separately.

SIGNED at Beaumont, Texas, this 15th day of December, 2009.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE